UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE EZDRAIN ALCOCER ZARAGOZA,                              :
                                                            :     24 Civ. 8644 (LGS)
                                   Plaintiff,               :
                                                            :     ORDER
                  -against-                                 :
                                                            :
PAPPAS OG LLC, and STRATIS MORFOGEN,                        :
as an individual,                                           :
                                                            :
                                   Defendants.              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on September 29, 2025, the parties filed a joint letter requesting approval of a settlement in this action arising under the Fair Labor Standards Act ("FLSA"). The parties are required to explain why their settlement should be approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). It is hereby

    **ORDERED** that approval of the settlement agreement is **DENIED** at this time. The parties' proposed settlement contains the following deficiency, which is in "tension with the remedial purposes" of the FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed before the parties' settlement may be approved as fair and reasonable.

    The proposed settlement agreement contains an overly broad release provision. Section 8 of the Settlement Agreement states that "Plaintiff . . . hereby releases and forever discharges, to the maximum extent permitted by law, Defendant PAPPAS OG LLC, from all or any manner of [claims] . . . whatsoever at law or in equity . . . which were alleged or could have been alleged in the Complaint filed in the Action including, but not limited to, claims under Fair Labor Standards Act (the 'FLSA') and New York Labor Law ('NYLL') . . . or based on or arising out of any acts, omissions, conduct, thing or matter, whether known or unknown, from the beginning

of time up to and including the date the District Court dismisses the Action with prejudice." A settlement release under *Cheeks* must be expressly tailored to the plaintiff's wage and hour issues in the immediate action. *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse); *Castillo v. AVI Food Sys. Inc.*, No. 24 Civ. 6591, 2025 WL 1949135, at *5 (S.D.N.Y. July 16, 2025) ("Because this provision releases potential claims that do not arise out of the identical factual predicate of the instant action, it is too broad for approval."). Accordingly, the settlement agreement is not approved in its current form.

For example, this Court has previously approved a release that states, "Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants . . . for any and all charges, complaints, claims, causes of action . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement." It is further

**ORDERED** that, by **October 24, 2025**, the parties shall file a letter informing the court whether they choose to amend the settlement agreement or proceed with the litigation, and if the former shall file an amended agreement, addressing the deficiency above. A separate order relating to attorneys' fees and costs will issue after the approval of any amendment or agreement.

Dated:  October 3, 2025
       New York, New York

                                        LORNA G. SCHOFIELD
                                   **UNITED STATES DISTRICT JUDGE**