UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE EZDRAIN ALCOCER ZARAGOZA, individually and on behalf of all others similarly situated,

                            Plaintiff,

-against-

PAPPAS OG LLC, and STRATIS MORFOGEN, as an individual,

                            Defendants.
------------------------------------------------------------------X

Civil Docket No.:
1:24-cv-08644-LGS

**PROPOSED DEFAULT JUDGMENT ORDER**

This action was commenced by filing of a Summons and Complaint on November 14th, 2024. A copy of the Summons and Complaint was served on Defendants as follows:

1. On December 5, 2024, individual defendant STRATIS MORFOGEN was served with process at his usual place of business located at 103 MacDougal St., New York, NY 10012, and proof of service was therefore filed on December 11, 2024. Individual Defendant STRATIS MORFOGEN was also effectuated with service via follow-up mailing there on December 10, 2025 as well, via United States First-Class Mailing to the usual place of business of the Defendant. (See Proof of Service attached hereto as **Exhibit B**).

2. Individual defendant, STRATIS MORFOGEN was required to appear and interpose an answer or move with respect to the Complaint herein by December 26, 2024 which the defendant failed to do. *See* Dkt. No. 10.

3. Defendant STRATIS MORFOGEN, as an individual failed to develop any information that he was in the military upon service of process on each of the above-referenced dates of service. Plaintiff has conducted an investigation in compliance with the

1

Servicemembers Civil Relief Act, 50a U.S.C. § 521 and ascertained that STRATIS MORFOGEN, as an individual, is <u>not</u> in the military service of the United States Government, or of the State of New York. See **Exhibit C**.

4. Defendant STRATIS MORFOGEN, as an individual, is not an infant nor incompetent. Defendant STRATIS MORFOGEN, as an individual, is the adult, owner of PAPPAS OG LLC.

5. To date, Defendant STRATIS MORFOGEN, as an individual, has failed to retain or be represented by counsel, nor has the Defendant, formally appeared in this matter.

6. On September 3, 2025, counsel for Plaintiff filed a Request for Certificate of Default and such Default was noted by the Clerk of the Court on September 4, 2025, as against Defendant STRATIS MORFOGEN, as an individual, for failure to appear or defend in this Action. See, **Exhibit D.**

7. On September 4, 2025, Plaintiff served the Defendant with true and correct copy of Certificate of Default, entered on September 4, 2025, via certified United States Postal Service Mailing, at the Defendant's usual place of abode and last known residence located at 8 Spruce St., Apt 26B, New York, NY 10038, with proof of service annexed thereto. See **Exhibit E.**

8. Notwithstanding the foregoing, as of the date of this filing, at no point hereto has Defendant responded to the complaint herein, moved, retained counsel on this matter, or otherwise appeared on this matter.

9. It is respectfully submitted that the Defendant has been properly served, are aware of Plaintiff's Complaint, and of pendency of this matter against him, and has failed or refused to appear or otherwise defend in this matter.

10. As of the date of this filing, Defendant STRATIS MORFOGEN, as an individual, has demonstrated no intention to appear.

Defendant Morfogen failed to appear at the show cause hearing on November 4, 2025.

11. Accordingly, it is hereby:

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff **JOSE EZDRAIN ALCOCER ZARAGOZA**, has a judgment against Defendant **STRATIS MORFOGEN, as an individual,** ~~as follows~~: In an amount to be determined by Magistrate Judge Sarah Netburn in a damages inquest.

- a) ~~unpaid minimum wages in the amount of $11,800.00;~~
- b) ~~unpaid overtime wages in the amount of $8,500.00;~~
- c) ~~liquidated damages in an equal amount in the amount of $20,300.00;~~
- d) ~~lost interest for late payments in the amount of $31.84;~~
- e) ~~liquidated damages for late payments in the amount of $4,339.29; and~~
- f) ~~$10,000.00 in damages for the Defendants' willful violations of NYLL § 195's Wage Theft Protection Act, amounting in all to **$54,971.12** representing Plaintiff's Wage and Hour Damages; plus~~
- g) ~~Prejudgment interest at a daily rate of $3.04 for Plaintiff's overtime and unpaid minimum wages, lost interest and liquidated damages for late payments from September 15, 2023 until the date of judgment;~~
- h) ~~Post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.~~
- i) ~~Fifteen-percent (15%) penalty if damages under the NYLL are not paid within ninety (90) days of judgment or the expiration of time to appeal; and~~

3

      j) ~~Statutory costs and reasonable attorneys' fees to be incurred in the process of entering and enforcing the judgment against the Defendant.~~

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*  "In addition to the factual allegations of the complaint, a court may consider uncontroverted documentary evidence submitted with the motion for default judgment." *Leo v. Province Therapeutics, LLC*, No. 23 Civ. 5418, 2024 WL 456824, at *5 (E.D.N.Y. Feb. 6, 2024) (considering the complaint and declarations attached to default judgment motion).

Subject matter jurisdiction is proper because Plaintiff brings a federal law claim.  28 U.S.C. § 1331.  Supplemental jurisdiction is proper over state law claims pursuant to 28 U.S.C. § 1367.  Personal jurisdiction is proper over Defendant Morfogen under CPLR § 301, because he is domiciled in New York; or, in the alternative, under CPLR § 302, because he transacts business in New York.

The Complaint adequately alleges that Defendant is an employer subject to the Fair Labor Standards Act ("FLSA").  The FLSA applies only if an employer engages in interstate commerce or has not less than $500k in yearly gross sales.  29 U.S.C. § 203(s)(1)(A); § 206(a); § 207(a)(1).  To determine whether a defendant was an "employer" under FLSA, courts consider, among other things, whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013).  Here, Plaintiff alleges that Defendant is the owner of Pappas OG LLC, and the day-to-day operator of the business; the individual who is responsible for all of the final personnel and payroll decisions of Pappas OG LLC; the individual with the exclusive power and authority to hire, fire, and terminate all of its employees, including Plaintiff; the individual with authority to establish, determine, and pay employees' wages and set their work schedules; and the individual responsible for maintaining employment records there.  The Complaint also alleges that Pappas OG is engaged in commerce and had annual sales not less than $500k.

The Complaint adequately alleges a claim for overtime under the FLSA and New York Labor Law ("NYLL").  To state an overtime claim under either FLSA or NYLL, a plaintiff must allege only that she worked "compensable overtime in a workweek longer than forty hours, and that she was not properly compensated for that overtime." *Burns v. Scott*, 635 F. Supp. 3d 258, 276 (S.D.N.Y. 2022).  Here, Plaintiff alleges that he "was regularly required to work approximately sixty-three (63) hours per week from in or around March 2023 until in or around July 2023; and approximately forty-five (45) hours per week from in or around August 2023 until in or around March 2024."

The Complaint adequately alleges a claim for violation of the NYLL minimum wage provisions. The statutory minimum wage for employers in New York City was at least $15.00 per hour during the relevant period of March 2023 to March 2024. N.Y. Labor Law § 652(1)(a). Plaintiff alleges that he was paid $10/hour from March 2023 to March 2024.

The Complaint adequately alleges a claim for violation of the NYLL frequency of pay provisions. The NYLL requires manual workers to be paid weekly. N.Y. Labor Law § 191(1)(A). Courts have found that restaurant employees qualify as manual workers under the law. *Toxqui v. R&P Pizza Corp.*, No. 24 Civ. 3339, 2025 WL 2430569, at *1, *11 (S.D.N.Y. Aug. 22, 2025). Plaintiff alleges that he was employed as an "organizer, food runner, helper, waiter assistant, while performing related miscellaneous duties" for defendants. Throughout his employment, Plaintiff was paid on a biweekly basis or less.

The Complaint adequately alleges a claim for violation of the NYLL Notice and Recordkeeping provisions. Under NYLL § 198(1-b), an employee must be provided with a wage notice "within ten business days of his or her first day of employment," otherwise the employee "may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." A wage notice must contain, among other information, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances." *Id.* §195(1)(a). To have standing to bring this claim, a Plaintiff must show "actual injuries suffered as a result of the alleged notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024). Plaintiff alleges that Defendants failed to provide a wage notice "at the time of his hire or at any time of his employment," and that Plaintiff was injured because that lack of notice resulted in "Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL." *See Castillo v. Hollis Delicatessen Corp.*, No. 22 Civ. 5476, 2024 WL 4107258, at *1 (E.D.N.Y. Sept. 6, 2024) (sufficient harm to support NYLL wage notice claim where "plaintiff allege[d] that the defendants were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information").

The Complaint adequately alleges a claim for violation of the NYLL Wage Statement provisions. Under NYLL § 198(1-d), "[i]f any employee is not provided a statement or statements as required by [N.Y. Labor Law § 195(3)], he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." A wage statement must contain, among other information, "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages." *Id.* § 195(3). Plaintiff alleges that Defendant "failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week," and suffered concrete harm consistent with the harms resulting from Defendant's failure to provide the required NYLL notice.

Plaintiff's motion for default judgment is **GRANTED**. Default judgment is granted on all claims. The matter will be referred to Magistrate Judge Sarah Netburn for a damages inquest. The Clerk of Court is respectfully directed to close the motion at Dkt. 45.

Dated: November 6, 2025
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5